1 │ SEDGWICK, DETERT, MORAN & ARNOLD LLP
   │ REBECCA A. HULL  Bar No. 99802
2 │ SHAWN M. WROBEL Bar No. 230030
   │ One Market Plaza
3 │ Steuart Tower, 8th Floor
   │ San Francisco, California 94105
4 │ Telephone: (415) 781-7900
   │ Facsimile: (415) 781-2635
5 │ rebecca.hull@sdma.com
   │ shawn.wrobel@sdma.com
6 │
7 │ Attorneys for Defendant
   │ METROPOLITAN LIFE INSURANCE COMPANY
8 │ (erroneously sued as METROPOLITAN LIFE INSURANCE
   │ COMPANY AND AFFILIATED COMPANIES)
9 │

*FILED*
*08 APR -9 PM 1:42*
RICHARD W. WIEKIN
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

RS

10 │                    UNITED STATES DISTRICT COURT
11 │
   │                   NORTHERN DISTRICT OF CALIFORNIA
12 │
13 │                          SAN JOSE DIVISION
14 │ LESLIE C.V. BONNER,                    CASE NO. **CV 08    1898**
15 │           Plaintiff,                   NOTICE OF REMOVAL UNDER 28 U.S.C.
   │                                        §§ 1331, 1441(a), 1441(b) and 1441(c)
16 │      v.
17 │ METROPOLITAN LIFE INSURANCE
   │ COMPANY AND AFFILIATED
18 │ COMPANIES, SAMSUNG
   │ INFORMATION SYSTEMS AMERICA,
19 │ INC., KERI L. BONNER, DAMON J.
   │ BONNER, RACHEL A. BONNER and
20 │ DOES 1-100, Inclusive,
21 │           Defendants.
22 │ TO THE CLERK OF THE ABOVE-ENTITLED COURT:
23 │      PLEASE TAKE NOTICE that defendant Metropolitan Life Insurance Company
24 │ (erroneously sued herein as Metropolitan Life Insurance Company And Affiliated Companies)
25 │ ("MetLife"), by and through its counsel, hereby removes the above-entitled action, which was
26 │ filed by plaintiff Leslie C.V. Bonner in the Superior Court of the State of California, in and for
27 │ the County of Santa Clara, Case No. 108CV107199 ("Complaint"), to this Court pursuant to 28
28 │ United States Code sections 1331, 1441(a), 1441(b) and 1441(c), on the following grounds:

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1500240v1

-1-
**NOTICE OF REMOVAL**

1

**STATUTORY BASIS FOR REMOVAL**

2    1.    28 United States Code section 1331 provides that "district courts shall have

3 original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

4 United States."

5    2.    28 United States Code section 1441(a) provides that "any civil action brought in a

6 State court of which the district courts of the United States have original jurisdiction, may be

7 removed by the defendant or the defendants, to the district court of the United States for the

8 district and division embracing the place where such action is pending."

9    3.    28 United States Code section 1441(b) provides that "[a]ny civil action of which

10 the district courts have original jurisdiction founded on a claim or right arising under the

11 Constitution, treaties or laws of the United States shall be removable without regard to the

12 citizenship or residence of the parties."

13    4.    28 United States Code section 1441(c) states that "[w]henever a separate and

14 independent claim or cause of action within the jurisdiction conferred by section 1331 of this title

15 is joined with one or more otherwise nonremovable claims or causes of action, the entire case

16 may be removed and the district court may determine all issues therein."

17    **JURISDICTION**

18    5.    This action is a civil action over which this Court has original jurisdiction under

19 28 United States Code section 1331, and is one which may be removed to this Court pursuant to

20 the provisions of 28 United States Code sections 1441(a), 1441(b), and 1441(c), in that it seeks

21 life insurance benefits under an employee welfare benefit plan, and therefore arises under the

22 Employee Retirement Income Security Act of 1974 ("ERISA"), 29 United States Code section

23 1001, *et seq.*

24    6.    Any remaining claims or causes of action in the complaint that are otherwise

25 nonremovable are joined with separate and independent claims or causes of action within the

26 jurisdiction conferred by 28 United States Code section 1331, and the entire case is therefore

27 removable under 28 United States Code section 1441(c).

28    ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1500240v1

-2-

**FACTS SUPPORTING REMOVAL**

7.    The Complaint seeks life insurance benefits under an employee welfare benefit plan sponsored by Samsung Information Systems America, Inc. (the "Plan"), the former employer of Plaintiff's husband, now deceased.  MetLife issued a group policy of insurance to Samsung Information Systems America, Inc. ("Samsung") to fund life insurance benefits under the Plan.  Plaintiff alleges in the Complaint that Samsung employed her husband, Frederick Bonner (the "decedent"), and provided him with life insurance coverage issued by MetLife.  Complaint ¶¶ 2, 3, 7.  Plaintiff alleges that the decedent initially designated her as beneficiary under the Plan.  Complaint ¶ 6.  Plaintiff alleges that she and the decedent were in the process of getting divorced and, as such, the decedent was prohibited from changing his beneficiary under the Plan.  Complaint ¶ 5.  Plaintiff alleges that the beneficiary designation was later changed to co-defendants Keri L. Bonner, Damon J. Bonner, and Rachel A. Bonner.  Complaint ¶ 9. Plaintiff alleges that the decedent died on May 29, 2007.  Complaint ¶ 1.  Plaintiff alleges that she is the sole person entitled to the Plan benefit and seeks to have the Court declare that MetLife is holding the proceeds as an involuntary trustee for Plaintiff.  Complaint ¶ 19.  These allegations establish on the face of the Complaint that plaintiff is seeking benefits under an employee welfare benefit plan governed by ERISA.  *See* 29 U.S.C. § 1002(1).

8.    Although the Complaint does not expressly mention ERISA,[1] and purports to be brought entirely under state law, the Causes of Action pleaded therein, and each of them, are disguised by artful pleading, and arise under and are completely preempted by ERISA.  The Causes of Action, and each of them, seek remedies for alleged failure to provide life insurance benefits allegedly due to Plaintiff under the terms of the Plan, and thus either seek payment of benefits covered by ERISA or are completely preempted by ERISA insofar as they assert theories of liability or seek damages and other remedies, including extracontractual damages, that are not available under ERISA.  29 U.S.C. § 1144; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-67 (1987); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 145-48 (1985).

---

[1] Except in reference to a letter MetLife sent to Plaintiff prior to commencement of this lawsuit.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

9.      Plaintiff has standing to sue under ERISA because she has alleged a colorable

claim for benefits under a Plan governed by ERISA, in which the decedent was a participant and

in which she allegedly was, at one time, designated as a beneficiary.  Complaint, ¶¶ 1, 2, 3, 6, 7,

8; *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989); *McLeod v. Oregon*

*Lithoprint Inc.*, 46 F.3d 956, 958 (9th Cir. 1995).

## JOINDER OF OTHER DEFENDANT IS NOT NECESSARY

10.     On information and belief, co-defendants Samsung Information Systems America,

Inc., Keri L. Bonner, Damon J. Bonner, and Rachel A. Bonner have not been served with the

Complaint and summons in this action.  Therefore, co-defendants need not join in the Notice of

Removal.  *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984),

*superseded by statute on other grounds as stated in Ethridge v. Harbor House Rest.*, 861 F.2d

1389 (9th Cir. 1988).

## TIMELINESS OF REMOVAL PETITION

11.     On March 3, 2008, plaintiff filed the Complaint in the Superior Court of the State

of California, in and for the County of Santa Clara, entitled *Leslie C.V. Bonner v. Metropolitan*

*Life Insurance Company and Affiliated Companies, et al.*, Case No. 108CV107199.  True and

correct copies of the Complaint and summons are attached hereto as Exhibit A.

12.     The first date which MetLife received a copy of the Complaint was March 11,

2008, the date that MetLife received the Complaint and summons by mail.

13.     No other pleadings or papers have been filed, served, or received by MetLife,

other than the Complaint, summons, and proof of service.

14.     This Notice of Removal is filed with this Court within 30 days of the earliest date

on which MetLife first was served with a copy of the initial pleadings in the above-entitled

action.  This removal is thus timely under 28 United States Code section 1446(b).

///

///

///

///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

SF/1500240v1

-4-

**NOTICE OF REMOVAL**

1    WHEREFORE, MetLife removes the above-entitled action to this Court, and requests

2 that the Court assume jurisdiction over this action.

3 DATED: April 9, 2008                          SEDGWICK, DETERT, MORAN & ARNOLD LLP

4

5                                               By:_____
                                                   Rebecca A. Hull
6                                                  Shawn M. Wrobel
                                                   Attorneys for Defendant
7                                                  METROPOLITAN LIFE INSURANCE
                                                   COMPANY (erroneously sued as
8                                                  METROPOLITAN LIFE INSURANCE
                                                   COMPANY AND AFFILIATED COMPANIES)
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

<pre>
 1 | NANCIE YOMTOV
   | State Bar No. 96252
 2 | 210 N. Fourth Street, #101
   | San Jose, CA 95112-5558
 3 | Tel: (408) 993-0808
   | Fax: (408) 271-9476
 4 |
   | Attorney for Plaintiff
 5 |
 6 |
 7 |
 8 |
 9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
</pre>

ENDORSED

2008 MAR -3 P 2: 28

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

LESLIE C.V. BONNER

Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE AND AFFILIATED
COMPANIES, SAMSUNG
INFORMATION SYSTEMS
AMERICA, INC., KERI L.
BONNER, DAMON J. BONNER,
RACHEL A. BONNER

AND DOES 1 to 100,
INCLUSIVE

DEFENDANTS.

Case No.: 1-08 CV 108CV107199

COMPLAINT FOR DECLARATORY RELIEF
AND CONSTRUCTIVE TRUST

MetLife
MAR 1 1 2008
GLI-U-20

Plaintiff, Leslie C.V. Bonner, alleges as follows:

FOR THE FIRST CAUSE OF ACTION: DECLARATORY RELIEF:

1. Plaintiff, Leslie Bonner, (hereinafter, Leslie) was at all time relevant, a resident of San Joaquin County, California. She is the surviving spouse of Frederick Bonner, who died on or about May 29, 2007, (hereinafter, Frederick).

2. Defendant, Metropolitan Life Insurance and Affiliated

1  Companies (hereinafter, Metlife) is, and at all times mentioned

2  herein, a corporation authorized to transact business and was

3  and is transacting business as a group life insurer in the State

4  of California. Defendant Metlife provided life insurance for the

5  employees of Defendant Samsung, including Frederick, the husband

6  of the Plaintiff. Said Plan (hereinafter, The Plan) was and is

7  designated as Samsung Electronics America/121437.

8

9  3. Defendant, Samsung Information Systems America, Inc.,

10  (hereinafter, Samsung) is, and at all times mentioned herein, a

11  corporation with its principal place of business located in

12  Santa Clara County, California and authorized to transact

13  business and was and is transacting business as an employer in

14  the State of California in the County of Santa Clara. As an

15  employer, Samsung contracted with Metlife to provide life

16  insurance for its employees, under The Plan, including their

17  employee, Frederick Bonner, the deceased husband of Plaintiff,

18  Leslie Bonner.

19

20  4. Defendant, Keri Bonner, (hereinafter, Keri) is the adult

21  child of Frederick Bonner, and at all time mentioned herein does

22  and has resided in Chino Hills, California, County of San

23  Bernardino.

24

25  5. Defendant, Damon Bonner, (hereinafter, Damon) is the

26  adult child of Frederick Bonner, and at all time mentioned

27  herein does and has resided in Los Banos, California, County of

28  San Benito.

MetLife

MAR 1 1 2008

6. Defendant, Rachel Bonner, (hereinafter, Rachel) is the minor child of Plaintiff, Leslie and Frederick, and at all times mentioned herein does and has resided in San Joaquin County, California.

7. Plaintiff, Leslie, designates all persons unknown claiming any right, title, or interest, whether legal or equitable, present or future, vested or non-vested, successor defendants, (hereinafter sometime referred to as "the successor defendants"), and each of them, claim some right, title, estate, lien, or interest of the hereinafter described property adverse to Plaintiff's claims, and each of them, as DOES 1 through 100 inclusive.

4.   Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter described property adverse to Plaintiff rights as described below and their claims and each of them constitute a claim adverse to Plaintiff's claim to the below described property.

5. At the time of Frederick's death the parties had been involved in a Dissolution action in San Joaquin County, Action

MetLife

MAR 1 1 2008

CU-U-23

1  No. FL 347001. Frederick had been served with the Summons and
2  Petition, on or about August 13, 2006. A proof of service of said
3  Summons is attached hereto as Exhibit A. Said Summons contained
4  Automatic Temporary Restraining Orders, (hereinafter, ATROs)
5  which, in the pertinent parts pursuant to California Family Code
6  Section 2040 provides that said Restraining Orders go into effect
7  automatically upon the filing of a Petition for Dissolution,
8  Legal Separation or Nullity. Petitioner is subject to the ATROs
9  immediately upon the filing of the Petition. Respondent is
10 subject to these ATROs upon the Summons being served on him:
12       At subsection c. of said Code Section, the parties are
13 prohibited from doing any of the following:
14       From cashing, borrowing against, canceling,
15       transferring, disposing of, or changing the
16       beneficiaries of any insurance or other coverage,
17
18       including life, health, automobile, and disability,
19       held for the benefit of the parties and their child or    MetLife
20       children for whom support may be ordered. (emphasisMAR 1 1 2008
21       added).                                                   GLI-U-23
22       6. Plaintiff is informed and believes and thereon alleges
23 that on July 14, 2006, Frederick had designated Leslie as his
24 sole primary beneficiary on The Plan issued by Metlife to the
25 employees of Samsung.
26
27       7. Plaintiff is informed and believes that at the time of
28 Frederick's death the above referred to Metlife Plan was still in

4

1  effect and that Frederick was still an employee of Defendant

2  Samsung, and, therefore, his life was still insured by said group

3  life insurance policy, The Plan.

4       8. Plaintiff is informed and believes, and thereon alleges

5  that the life insurance proceeds of the Plan on the life of

6  Frederick are the approximate sum of $240,000.

7       9. Plaintiff is informed and believes and thereon alleges

8  that on November 27, 2006, Frederick had designated Defendants

9  Keri, Damon and Rachel as co-equal primary beneficiaries, re said

10  Plan and had excluded Leslie from any share of said Plan policy

11  proceeds.

12       10. Plaintiff avers that at the time of Frederick's death,

13  the parties were still married and the Plaintiff was and is the

14  surviving spouse of Frederick.

15       11. Plaintiff alleges that at the time of Frederick's

16  death, there were no orders other than the ATROs regarding

17  property division and that both parties, Leslie and Frederick,

18  were still under the ATROs of Family Code Section 2040.

19       12. After the death of Frederick the Plaintiff filed a

20  claim with Metlife for the proceeds of the Plan payable on the

21  death of Frederick. Plaintiff received a letter from Metlife

22  indicating that at the time of Fredericks' death he had changed

23  the beneficiary of the Plan, and that the Plaintiff was no longer

24  the beneficiary. Further, Metlife claimed that the terms of

25  Employee Retirement Income Act of 1974, as amended (ERISA)

MetLife

MAR 1 1 2008

GLU-88

1   U.S.C. § 1001-1461 (hereinafter, ERISA,) and that pursuant to the

2   Plan description, the employee, Frederick, was free to change the

3   beneficiary.

4        13. Plaintiff is informed and believes and thereon alleges

5   that the Defendants Keri and Damon have made claims to the

6   proceeds of the Plan.

7        14. Upon receiving a letter from Metlife denying the

8   Plaintiff's claims, the Plaintiff sent an appeal to Metlife, a

9   copy of which is attached as Exhibit B. Said appeal indicated

10  that the ATROs constituted sufficient protection to preserve the

11  beneficiary designation for the Plaintiff. Thereafter, Metlife

12  responded in a letter dated February 4, 2008, indicating that the

13  Metlife would not pay the proceeds to any of the claimants. A

14  copy of the letter from Metlife is attached hereto as Exhibit C.

15

16       15. An actual controversy has arisen between the parties

17  with respect to the rights and duties of each under the terms of

18  the policy and the California Family Code. Plaintiff contends

19  that she is the rightful sole beneficiary of the proceeds of the

20  Plan payable on the death of Frederick. Defendants Keri and Damon

21  dispute Plaintiff's claim. Defendant Rachel is a minor and is not

22  competent to represent her own interests in said Plan. Defendant

23  Metlife refuses to pay out the proceeds to the Plaintiff or to

24  the Defendants, Defendant Samsung has not taken any action to MetLife

25

26  intercede.                                                        MAR 11 2008

27

28       16. Plaintiff desires a judicial determination of her GLI-U-23

1   rights in the proceeds of the Plan and a declaration as to which

2   parties' contentions are correct.

3       17. A judicial declaration is necessary and appropriate at

4   this time under the circumstances herein described in order that

5   the parties may ascertain their respective rights and duties

6   under the Plan.

7       WHEREFORE, Plaintiff prays judgment:

8   FOR THE SECOND CAUSE OF ACTION: CONSTRUCTIVE TRUST:

9

10      18.  Plaintiff  realleges the allegations as set

11  forth in Paragraphs 1 through 15 above, as though fully set forth

12  herein.

13      19.  Plaintiff alleges that she is the sole person entitled

14  to the proceeds of the Plan payable on the death of Frederick,

15  and that the Defendants Metlife, Samsung, Keri, Damon and Rachel,

16  or any such defendant named herein as a Doe, are holding the

17  proceeds as involuntary trustees for the Plaintiff.

18

19      WHEREFORE THE PLAINTIFF  Prays for judgment as follows:

20      1. That the court declare the respective rights duties and

21  responsibilities of Plaintiff and defendants under the statues

22  in question and that by its declaration and judgment, the court

23  declare that the Plaintiff is the sole beneficiary of the life

24  insurance  on  the  life  of  Frederick  Bonner,  and  that  the

25  beneficiary statement signed by Frederick Bonner after he was

26  served with the Summons and Complaint in the Family Law action

27  had  no  force  and  effect,  and  that  any  beneficiary designation

28

MetLife

MAR 11 2008

GLI-U-23

7

1  signed by Frederick Bonner naming others as the beneficiaries is

2  void;

3      2. That the Defendants and each of them, be enjoined from

4  paying out the proceeds of the life insurance policy on the life

5  of Frederick Bonner, to any person other than the Plaintiff;

6      3. From an order that the Defendants and each of them are

7  holding the proceeds of said policy on the life of Frederick

8  Bonner as involuntary trustees for the Plaintiff;

9

10     4. From an order appointing a Guardian ad Litem for the

11 minor defendant, Rachel Bonner;

12     5. For such other and further relief as the court deems

13 proper.

14     6. Dated: _____    _____

15                          NANCIE YOMTOV, Attorney for Plaintiff

16     I am the Plaintiff in the above-entitled action.  I have

17 read the foregoing Complaint for Declaratory Relief and

18 Constructive Trust and know the contents thereof, and I know that

19 the same is true of my own knowledge except as to those matters

20 which are therein stated upon my information or belief, and as to

21 those matters I believe them to be true.

22

23 Dated: 2/26/08    _____
                     LESLIE BONNER

24

25                                    MetLife

26                                    MAR 1 1 2008

27                                    GLI-U-23

28

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

2008 MAR -3 P 2: 28

A. Ilas

OTICE TO DEFENDANT:
\VISO AL DEMANDADO) :
etropolitan Life Insurance and Affiliated Companies
amsung Information Systems America, Inc,
eri L. Bonner, Damon J. Bonner, Rachel A,
onner, Does 1 to 100, Inclusive

OU ARE BEING SUED BY PLAINTIFF:
.O ESTA DEMANDANDO EL DEMANDANTE) :
eslie Bonner

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | CASE NUMBER:<br>(Número del Caso): 108CV107199 |
|---|---|

ne name and address of the court is:
l nombre y dirección de la corte es):
uperior Court, Santa Clara County
ivil
91 North First Street
San Jose, CA 95113

MetLife

ne name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
l nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, MAR 1 1 2008
ANCIE YOMTOV
10 N. Fourth Street, Suite 101
Nancie Yomtov
San Jose, CA 95112

GLI-U-23

408) 993-0808

ATE:    MAR 0 3 2008
echa)

Clerk, by
(Secretario)

A. Ilas , Deputy
(Adjunto)

or proof of service of this summons, use Proof of Service of Summons (form POS-010).)
Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

MetLife

MAR 1 1 2008

GLI-U-23

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify) :

3. ☐ on behalf of (specify) :
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify) :
4. ☐ by personal delivery on (date) :

Page 1 of 1

rm Adopted for Mandatory Use
udicial Council of California
JM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

BONNER    CIVIL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

NANCIE YOMTOV                                    96252
Nancie Yomtov
210 N. Fourth Street, Suite 101
San Jose, CA 95112
TELEPHONE NO: (408) 993-0808    FAX NO: (408) 271-9476
ATTORNEY FOR (Name):

ENDORSED

2008 MAR -3  P 2: 28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil

CASE NAME: Bonner v. Metlife

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 1-08-CV- |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 108CV107199  JUDGE:                 DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): two
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 3/3/08

NANCIE YOMTOV
(TYPE OR PRINT NAME)
                                                        ▶            [signature]
                                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

MetLife

MAR 11 2008

GLI-U-23

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

BONNER CIVIL

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

MetLife

MAR 11 2008

CM-11-23

**CIVIL LAWSUIT NOTICE**

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: _____

ATTACHMENT CV-5012

108CV107199

| READ THIS ENTIRE FORM |
|---|

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

_DEFENDANTS_ (The person(s) being sued): **You must do each of the following to protect your rights:**

1. **You must file a written response to the _Complaint_, in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;**
2. **You must send a copy of your written response to the plaintiff; and**
3. **You must attend the first Case Management Conference.**

**Warning: If you do not do these three things, you may automatically lose this case.**

_RULES AND FORMS:_ You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.**

| | | |
|---|---|---|
| Your Case Management Judge is: | **Kevin J Murphy** | Department: __22__ |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | | |
| | Date: **JUL 2 9 2008** Time: **3:00 PM** | in Department __22__ |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | | |
| | Date: _____ Time: _____ | in Department _____ |

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

MetLife

MAR 1 1 2008

GLI-U-23

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

<   **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

<   **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

<   **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

<   **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

<   **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

<   **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

<   Mediation may be appropriate when:
   <   The parties want a non-adversary procedure
   <   The parties have a continuing business or personal relationship
   <   Communication problems are interfering with a resolution
   <   There is an emotional element involved
   <   The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

MetLife

MAR 1 1 2008

GLI-U-23

CV-5003 REV 6/08

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| NANCIE YOMTOV                    96252<br>Nancie Yomtov<br>210 N. Fourth Street, Suite 101<br>San Jose, CA 95112<br>TELEPHONE NO.: (408) 993-0808    FAX NO. (Optional) (408) 271-9476<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS   191 North First Street
MAILING ADDRESS   191 N. First Street
CITY AND ZIP CODE   San Jose, CA 95113
BRANCH NAME   Civil

PETITIONER/PLAINTIFF:  Leslie Bonner

RESPONDENT/DEFENDANT:  Metlife, et al

| | |
|---|---|
| **PROOF OF SERVICE-CIVIL**<br>Check method of service (only one): CERTIFIED MAIL, Return Receipt<br>☐ By Personal Service  ☒ By Mail  ☐ By Overnight Delivery<br>☐ By Messenger Service ☐ By Facsimile ☐ By E-Mail/Electronic Transmission | CASE NUMBER:<br>1-08 CV 107199<br>JUDGE:  Kevin J. Murphy<br>DEPT.:  22 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is (specify one):
   a. ☒ Business: 210 North fourth Street    b. ☐ Residence:
      Suite 101
      San Jose, CA 95112

3. On (date):   March 5, 2008                    I served the following documents (specify):

   1) Complaint for Declaratory Relief and Constructive Trust
   2) Summons
   3) Civil Cover Sheet
   4) Civil Lawsuit Notice

   ☐ The documents are listed in the Attachment to Proof of Service-Civil (Documents Served) (form POS-040(D)).

4. I served the documents on the persons below, as follows:
   a. Name of person served:
      METLIFE Insurance Company - Team P. (Brenda)
   b. Address of person served:
      5950 Airport Road
      Oriskany, NY 13424
   c. Fax number or e-mail address of person served, if service was by fax or e-mail:
   d. Time of service, if personal service was used:
      ☐ The names, addresses, and other applicable information about the persons served is on the Attachment to Proof of
      Service-Civil (Persons Served) (form POS-040(P)).

5. The documents were served by the following means (specify):  Service by Certified Mail
   a. ☐ By personal service. I personally delivered the documents to the persons at the addresses listed in item 4.
      (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the
      documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an
      individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the
      party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in
      the evening.

MetLife
MAR 11 2008

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [New January 1, 2005]<br>Martin Dean's Essential Forms ™ | **PROOF OF SERVICE - CIVIL**<br>(Proof of Service) | Code of Civil Procedure, §§ 1011, 1012,<br>1013, 1013a, 2015.5<br>www.countinfo.ca.gov |

                                                    BONNER  CIVIL

| CASE NAME | CASE NUMBER: |
|---|---|
| Bonner v. Metlife | 1-08 CV 107199 |

5. b. [X] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one): METLIFE Insurance Company - Team P. (Brenda)

    (1) [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) [X] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state): San Jose, California - via Certified Mail, Return Receipt

  c. [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

  e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. [ ] **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Michael Mena
    (TYPE OR PRINT NAME OF DECLARANT)    ▶    — S —
    (SIGNATURE OF DECLARANT)

(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)

### DECLARATION OF MESSENGER

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

    (NAME OF DECLARANT)    ▶    (SIGNATURE OF DECLARANT)

MetLife

MAR 1 1 2008

GLI-U-23

POS-040 [New January 1, 2005]
Martin Dean's Essential Forms ™

**PROOF OF SERVICE - CIVIL**
**(Proof of Service)**

BONNER    CIVIL

## INFORMATION SHEET FOR PROOF OF SERVICE-CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

**USE OF THIS FORM**
Note: This proof of service form should not be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, (5) facsimile, or (6) e-mail/electronic transmission.

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

**GENERAL INSTRUCTIONS**
A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. A party to the action cannot serve the documents.

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courtinfo.ca.gov/forms.*
*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and telephone number of the person *for* whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.

Third box, left side: Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are on the documents that you served.

Fourth box, left side: Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

Third box, right side: State the judge and department assigned to the case, if known.

*Complete items 1-5:*
1.   You are stating that you are over the age of 18 and that you are not a party to this action.

2.   Print your home or business address.

3.   List each document that you served. If you need more space, check the box in item 3, complete the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.

4.   Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 4, complete the *Attachment to Proof of Service-Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.

5.   Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax transmission or e-mail generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on POS-040 is true and correct.**

MetLife

MAR 1 1 2008

GLI-U-23

---

POS-040 [New January 1, 2005]
*Martin Dean's Essential Forms* ™

**PROOF OF SERVICE - CIVIL**
**(Proof of Service)**

BONNER   CIVIL

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Leslie C.V. Bonner

## DEFENDANTS
Metropolitan Life Insurance Company and Affiliated Companies, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Nancie Yomtov
210 N. Fourth Street, #101
San Jose, CA 95112
Phone: 408-993-0808

Attorneys (If Known)

Rebecca A. Hull
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105    Phone: 415-781-7900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Section 1132
Brief description of cause:
Plaintiff is seeking benefits from an employee welfare benefit plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE  4/9/08

SIGNATURE OF ATTORNEY OF RECORD