1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   REBECCA A. HULL  Bar No. 99802
2  SHAWN M. WROBEL Bar No. 230030
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5  rebecca.hull@sdma.com
   shawn.wrobel@sdma.com
6
   Attorneys for Defendant
7  METROPOLITAN LIFE INSURANCE COMPANY
   (erroneously sued as METROPOLITAN LIFE INSURANCE
8  COMPANY AND AFFILIATED COMPANIES)

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12
   | LESLIE C.V. BONNER,                        | CASE NO. C08-01898 RS                |
13 |                                             |                                      |
   |           Plaintiff,                        | **DEFENDANT METROPOLITAN LIFE**      |
14 |                                             | **INSURANCE COMPANY'S ANSWER TO**    |
   | v.                                          | **PLAINTIFF'S COMPLAINT AND**        |
15 |                                             | **COUNTERCLAIM/CROSSCLAIM**          |
   | METROPOLITAN LIFE INSURANCE                 |                                      |
16 | COMPANY AND AFFILIATED                      |                                      |
   | COMPANIES, SAMSUNG                          |                                      |
17 | INFORMATION SYSTEMS AMERICA,                |                                      |
   | INC., KERI L. BONNER, DAMON J.              |                                      |
18 | BONNER, RACHEL A. BONNER and                |                                      |
   | DOES 1-100, Inclusive,                      |                                      |
19 |                                             |                                      |
   |           Defendants.                       |                                      |
20

21
           Defendant Metropolitan Life Insurance Company (erroneously sued herein as
22
   Metropolitan Life Insurance Company And Affiliated Companies) ("MetLife"), responds to
23
   Plaintiff Leslie C.V. Bonner's Complaint on file herein, as follows:
24
           1.    In response to paragraph 1 of the Complaint, MetLife is informed and believes
25
   that at relevant times Plaintiff was and is a resident of San Joaquin County, California.  MetLife
26
   admits the remaining allegations of paragraph 1.
27
           2.    In response to paragraph 2 of the Complaint, MetLife admits that it is a
28

1 corporation authorized to transact business and was and is transacting business in California. MetLife also admits that at relevant times Frederick Bonner (the "Decedent"), by reason of his employment with Samsung Electronics America, Inc. ("Samsung"), was eligible to and did participate in the Samsung Electronics America, Inc. Term Life and Accidental Death and Dismemberment Insurance Plan (the "Plan") and that, at relevant times, MetLife had in force a group policy of insurance, group policy number 121437-1-G, that funded benefits payable under the Plan. MetLife denies all remaining factual allegations of paragraph 2.

3. In response to paragraph 3 of the Complaint, MetLife admits that it issued a group policy of life insurance that funded benefits payable under the Plan, that the Decedent was a participant in the Plan, and that the Decedent was the deceased husband of Plaintiff. In response to the remaining factual allegations of paragraph 3, MetLife lacks information pertaining to the business of Samsung and therefore denies all remaining allegations of paragraph 3.

4. MetLife is informed and believes that defendant Keri Bonner is an adult child of the Decedent and that, at relevant times, she was and is a resident of Chino Hills, California, County of San Bernardino, and on that basis admits the allegations of paragraph 4.

5. MetLife is informed and believes that defendant Damon Bonner is an adult child of the Decedent and that, at relevant times, he has been a resident of Los Banos, California, County of San Benito, and on that basis admits the allegations of paragraph 5 of the Complaint.

6. MetLife is informed and believes that defendant Rachel Bonner is the minor child of the Decedent and Plaintiff and that, at relevant times, she has been a resident of San Joaquin County, California, and on that basis admits the allegations of paragraph 6 of the Complaint.

7. To the extent that the allegations in paragraph 7 of the Complaint consist of legal conclusions, no response is required. To the extent that the allegations in paragraph 7 consist of factual allegations, MetLife lacks information concerning the identities of DOES 1 through 100 and on that basis denies all factual allegations in paragraph 7.

8. To the extent that the allegations in the second paragraph 4 [sic] of the Complaint consist of legal conclusions, no response is required. To the extent that the allegations in the second paragraph 4 [sic] of the Complaint consist of factual allegations, MetLife lacks

1 | information concerning the identities of DOES 1 through 100 and on that basis denies all factual
2 | allegations in the second paragraph 4 [sic] of the Complaint.

3 |     9.     To the extent that the allegations in the second paragraph 5 [sic] of the Complaint
4 | consist of legal conclusions, no response is required. To the extent that the allegations in the
5 | second paragraph 5 [sic] of the Complaint consist of factual allegations, MetLife lacks
6 | information concerning the alleged divorce proceedings between Plaintiff and the Decedent and
7 | on that basis denies all factual allegations in the second paragraph 5 [sic] of the Complaint.

8 |     10.    MetLife admits the allegations of the second paragraph 6 [sic] of the Complaint.

9 |     11.    MetLife admits the allegations of the second paragraph 7 [sic] of the Complaint.

10 |     12.    In response to paragraph 8 of the Complaint, MetLife states that the Plan benefit
11 | at issue totals approximately $235,000 plus applicable interest, if any. Except as stated, the
12 | allegations of paragraph 8 are denied.

13 |     13.    MetLife admits the allegations of paragraph 9 of the Complaint.

14 |     14.    MetLife lacks information regarding the marital status of Plaintiff and Decedent at
15 | the time of Decedent's death and on that basis denies the allegations of paragraph 10 of the
16 | Complaint.

17 |     15.    MetLife lacks information regarding the allegations of paragraph 11 of the
18 | Complaint, and on that basis denies the allegations of paragraph 11.

19 |     16.    To the extent that paragraph 12 of the Complaint consist of legal conclusions, no
20 | response is required. To the extent that the allegations in paragraph 12 consist of factual
21 | allegations, MetLife admits the factual allegations in paragraph 12.

22 |     17.    MetLife admits the allegations of paragraph 13 of the Complaint.

23 |     18.    To the extent that paragraph 14 of the Complaint consist of legal conclusions, no
24 | response is required. To the extent that the allegations in paragraph 14 consist of factual
25 | allegations, MetLife admits the factual allegations in paragraph 14.

26 |     19.    To the extent that the allegations in paragraph 15 of the Complaint consist of legal
27 | conclusions, no response is required. To the extent that the allegations in paragraph 15 consist of
28 | factual allegations, MetLife admits that (1) plaintiff makes the referenced contentions, (2) Keri

Bonner and Damon Bonner dispute plaintiff's contentions, (3) Rachel Bonner is a minor, and (4) MetLife has not paid the Policy Benefit. Except as stated, MetLife denies the factual allegations in paragraph 15 of the Complaint.

20. To the extent that the allegations in paragraph 16 of the Complaint consist of legal conclusions, no response is required. To the extent that paragraph 16 consists of factual allegations, MetLife lacks information pertaining to those factual allegations and on that basis denies the factual allegations in paragraph 16.

21. To the extent that the allegations in paragraph 17 of the Complaint consist of legal conclusions, no response is required. To the extent that the allegations in paragraph 17 consist of factual allegations, MetLife lacks information pertaining to those factual allegations and on that basis denies the factual allegations in paragraph 17.

22. In response to paragraph 18 of the Complaint, MetLife incorporates herein by reference, as though set forth in full, paragraphs 1 through 21 above, inclusive.

23. To the extent that paragraph 19 of the Complaint consist of legal conclusions, no response is required. To the extent that the allegations in paragraph 19 consist of factual allegations, MetLife denies the factual allegations in paragraph 19.

24. To the extent that Plaintiff's prayer for relief consists of legal conclusions, MetLife is not required to respond. To the extent that the prayer for relief contains factual allegations, MetLife denies such allegations.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against MetLife.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which attorney fees or costs can be awarded as against MetLife.

### FOURTH AFFIRMATIVE DEFENSE

Each action of MetLife, and of the other fiduciaries, delegates and agents of the Plan,

with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against MetLife are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against MetLife are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by MetLife or by others on behalf of MetLife and/or on behalf of the Plan were not arbitrary or capricious, but rather were reasonable in light of the evidence submitted and the complete administrative record, and were reasonably based on the facts as determined and understood by them and on the terms and conditions of the Plan and on the applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

All of the actions of MetLife, and of those persons and entities who acted on behalf of MetLife and/or on behalf of the Plan with regard to matters alleged in the Complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan.

### NINTH AFFIRMATIVE DEFENSE

All determinations made by MetLife or by others on behalf of MetLife and/or on behalf of the Plan with respect to Plaintiff's claims were made in the interest of all of the participants and beneficiaries of such Plan as a whole, and in accordance with the terms and conditions of the Plan and the applicable law.

### TENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and Frederick Bonner, the Plan participant, failed to comply with each and all of the terms and conditions of the applicable Plan documents, and for that reason the claims attempted to be stated against MetLife in the Complaint are not payable.

### TWELFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff against MetLife is barred in whole or in part due to her own delay or failure to disclose or provide information pertaining to the allegations in her Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff may be found to be entitled to any Plan benefits, any such benefits would be limited by the terms the Plan documents.

### FOURTEENTH AFFIRMATIVE DEFENSE

The complaint seeks benefits pursuant to an employee welfare benefit plan governed by ERISA, which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. 29 U.S.C. §§ 502(a)(2)(B) and 514, 29 U.S.C. §§ 1132 (a)(1)(B) and 1144. All of Plaintiff's claims are governed exclusively by ERISA, and all potential remedies against MetLife, if any, are limited to those provided under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive or other extra-contractual damages, and any state law claims or remedies that Plaintiff may attempt to assert against MetLife are preempted by ERISA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out her claims with sufficient particularity to permit MetLife to raise all potentially appropriate defenses, and MetLife therefore reserves the right to add further defenses as the bases for Plaintiff's claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

### COUNTERCLAIM AND CROSSCLAIM IN INTERPLEADER

COMES NOW defendant and counterclaimant/crossclaimant Metropolitan Life Insurance Company ("MetLife") and, for its compulsory counterclaim against plaintiff against plaintiff and counterdefendant Leslie C.V. Bonner, and crossclaim against codefendants and crossdefendants Keri L. Bonner, Damon J. Bonner, and Rachel A. Bonner, alleges as follows:

JURISDICTION (28 U.S.C. §§ 1331, 1335; 29 U.S.C. § 1132, Fed. R. Civ. P. 13, 22)

1.   Jurisdiction is founded on the basis of a federal question under 28 U.S.C. sections 1331 and 1335, because at issue is whether the terms of a California automatic temporary

restraining order meet the requirements of a Qualified Domestic Relations Order ("QDRO"), such that it is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. section 1144(a), (b)(7), a federal law. Jurisdiction is additionally conferred by the provisions of ERISA, 29 U.S.C. section 1132, in that the sums in dispute are benefits provided and made available through the Samsung Electronics America, Inc. Term Life and Accidental Death and Dismemberment Insurance Plan ("Plan"), an employee welfare benefit plan within the meaning of 29 U.S.C. section 1002(1), and that identification of the proper beneficiary or beneficiaries of such Plan benefit is in dispute.

2. In addition, this Court has jurisdiction over compulsory counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure; this counterclaim is compulsory, in that it arises out of the same transactions and events that give rise to the Complaint on file herein.

## VENUE – 28 U.S.C. SECTION 1397; 29 U.S.C. SECTION 1132

3. Venue is properly laid in the Northern District of California, in that counterclaimant and crossclaimant MetLife is informed and believes that the Plan was established and/or maintained and was administered in this district.

## PARTIES

4. MetLife is a New York corporation with its principal place of business in New York. MetLife is engaged in the business of insurance, and is authorized to conduct and is conducting such business in California.

5. MetLife is informed and believes, and thereon alleges, that at all times relevant, plaintiff and counterdefendant Leslie C.V. Bonner has been an individual who is a resident and citizen of California.

6. MetLife is informed and believes, and thereon alleges, that at all times relevant, Keri L. Bonner has been an individual who is a resident and citizen of California.

7. MetLife is informed and believes, and thereon alleges, that at all times relevant, Damon J. Bonner has been an individual who is a resident and citizen of California.

8. MetLife is informed and believes, and thereon alleges, that at all times relevant, Rachel A. Bonner has been an individual who is a resident and citizen of California.

## GENERAL FACTUAL ALLEGATIONS

9. At all relevant times, MetLife had in force a group policy of life insurance which funded benefits under the Plan. The Plan at all relevant times afforded life insurance coverage to certain eligible employees of Samsung Electronics America, Inc. ("Samsung"), including Frederick Bonner (the "Decedent"). MetLife is the claim administrator with regard to the Plan, and as such receives and decides claims for benefits under the Plan.

10. On or about July 14, 2006, the Decedent executed a beneficiary designation form under the Plan, a true and correct copy of which is attached hereto as Exhibit A. Pursuant to the terms of such beneficiary designation form, Plaintiff, identified therein as the Decedent's wife, was designated as his sole beneficiary under the Plan.

11. Plaintiff alleges in her Complaint that, on or about August 13, 2006, the Decedent was served with a summons and divorce petition containing an automatic temporary restraining order. Plaintiff alleges that the terms of the automatic temporary restraining order ordered that the Decedent refrain from changing his beneficiary under the Plan.

12. On or about November 27, 2006, the Decedent executed a beneficiary designation form under the Plan, a true and correct copy of which is attached hereto as Exhibit B. Pursuant to the terms of such beneficiary designation form, co-defendants and crossdefendants Keri L. Bonner, Damon J. Bonner, and Rachel A. Bonner, identified therein as the Decedent's children, were each designated as beneficiaries under the Plan of one-third of the Plan benefit.

13. On or about May 29, 2007, the Decedent died. A true and correct copy of the Death Certificate received by MetLife in support of a claim for Plan benefits is attached hereto as Exhibit C. MetLife is informed and believes that, on the date of his death, the Decedent was married to Plaintiff. The Death Certificate lists Leslie C. Van-Buren-Bonner as Decedent's surviving spouse at the time of his death.

14. The Plan was in full force and effect on the date of death, and on the date of his death, Decedent was a participant in the Plan. As a consequence, the sum of $235,000 was and is payable under the terms of the Plan ("Plan Benefit").

15. Adverse and conflicting claims for payment of the Plan Benefit have been

-8-

METLIFE'S ANSWER AND COUNTERCLAIM/CROSSCLAIM

presented to MetLife by Plaintiff, Keri L. Bonner, and Damon J. Bonner and, in addition, the beneficiary designation attached hereto shows that co-defendant and crossdefendant Rachel A. Bonner was intended by the Decedent to be a beneficiary under the Plan. Plaintiff claims in her Complaint to be entitled to the full amount of the Plan Benefit, pursuant to the automatic temporary restraining order. Keri L. Bonner and Damon J. Bonner claim to be entitled to one-third of the Plan Benefit by reason of their designation as beneficiaries, and MetLife is informed and believes that Rachel A. Bonner does or may claim to be entitled to a portion of the Plan Benefit by reason of the November 27, 2006, beneficiary designation.

16. ERISA is a federal law that preempts state family law orders except to the extent that they constitute Qualified Domestic Relations Orders ("QDROs") through compliance with the statutory requirements of 29 U.S.C. section 1056(d)(3). MetLife cannot determine whether the automatic temporary restraining order complies with the applicable statutory requirements for QDROs and, therefore, is unable to determine which of the claimants is/are entitled to the Plan Benefit or a portion thereof. As such, MetLife has not paid the Plan Benefit to anyone.

17. MetLife makes no claim of entitlement to the unpaid Plan Benefit. However, because of the dispute concerning who is entitled to the Plan Benefit and to the interest accrued thereon, if any, MetLife has been unable to determine who is/are entitled to the disputed Plan Benefit or a portion thereof.

## FIRST CLAIM – INTERPLEADER
### (28 U.S.C. Section 1335; Fed. R. Civ. P. 22)

18. MetLife realleges and incorporates herein by reference, as though set forth in full, the allegations of paragraphs 1 through 18, inclusive, above.

19. MetLife claims no beneficial interest in the Plan Benefit, but is a mere stakeholder.

20. MetLife has been sued by plaintiff and counterdefendant Leslie C.V. Bonner, and faces potential litigation against it by the co/crossdefendants for failing to pay Plan Benefit.

21. MetLife remains unable to determine the validity of the conflicting and adverse demands for the Plan Benefit, and is unable to determine to whom the Plan Benefit, or any part

1  thereof, should be paid. MetLife cannot pay any part of the Plan Benefit to any of the claimants,
2  without danger of being compelled to pay said sum to one or more of the other claimants.
3      22.  MetLife will pay the unpaid Plan Benefit plus interest thereon, if applicable, into
4  the registry of this Court, representing the full amount due under the Plan with regard to the death
5  of the Decedent, to abide the judgment of this Court, upon either a stipulation of the parties in a
6  form acceptable to MetLife, or an order of the Court dismissing MetLife with prejudice from this
7  action, from further responsibility or liability to any claimant and discharging MetLife, Samsung,
8  and the Plan from any further liability with regard to the Plan Benefit.
9      WHEREFORE, Metropolitan Life Insurance Company seeks judgment as follows:
10     1.  That plaintiff take nothing by reason of her Complaint;
11     2.  That plaintiff and counterdefendant Leslie C.V. Bonner, and codefendants and
12  crossdefendants Keri L. Bonner, Damon J. Bonner, and Rachel A. Bonner, and each of them, be
13  required to interplead and settle between and among themselves their respective claims and rights
14  to the said sum deposited with the Court, and that Metropolitan Life Insurance Company be
15  dismissed with prejudice and be discharged from any other or further liability to any of the
16  crossdefendants and/or to the plaintiff/counterdefendant;
17     3.  That the counterdefendants and the crossdefendant, and each of them, be
18  restrained and enjoined from instituting or prosecuting, directly or indirectly, any claim or action
19  of any type or kind against MetLife, Samsung, or the Plan arising from or in any manner
20  connected with the Plan Benefit, and/or their respective claims for payment of some or all of
21  such Plan Benefit;
22     4.  That MetLife recover its costs and attorney fees incurred herein; and
23     5.  For such other and further relief as the Court deems proper.
24  DATED: April 16, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: *[signature]*
Rebecca A. Hull
Attorneys for Defendant
Metropolitan Life Insurance Company

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On April 16, 2008, I served the within document(s):

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTER/CROSSCLAIM**

- ☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.
- ☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.
- ☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

| | |
|---|---|
| Nancie Yomtov<br>210 N. Fourth Street, Suite 101<br>San Jose, CA 95112-5558 | Attorneys For Plaintiff |
| Robert E. Dunne<br>Sweeney, Mason, Wilson & Bosomworth, APC<br>983 University Avenue, Suite 104 C<br>Los Gatos, CA 95032 | Attorneys for Defendants Keri Bonner and Damon Bonner |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 11, 2008, at San Francisco, California.

_____
Cristi L. Hursh

SF/1500921v1

PROOF OF SERVICE