```
1  ROBERT E. DUNNE, ESQ. (108946)
   STUART G. SCHMIDT, ESQ. (190079)
2  SWEENEY, MASON, WILSON & BOSOMWORTH
   A Professional Law Corporation
3  983 University Avenue, Suite 104C
   Los Gatos, CA  95032-7637
4  Telephone:   (408) 356-3000
   Facsimile:   (408) 354-8839
5
6  Attorneys for Defendants
   KERI L. BONNER AND
7  DAMON J. BONNER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE C.V. BONNER<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE AND AFFILIATED COMPANIES, SAMSUNG INFORMATION SYSTEMS AMERICA, INC., KERI L. BONNER, DAMON J. BONNER, RACHEL A. BONNER, and DOES 1 to 100, inclusive,<br><br>    Defendants. | CASE NO.: C08-01898 RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: August 6, 2008<br>TIME: 2:30p.m.<br>JUDGE: Hon. Richard Seeborg |

The parties hereby file this Joint Case Management Statement pursuant to Civil Local Rule 16-9.

1. **Jurisdiction and Service**

The United States District Court for the Northern District has jurisdiction over this matter on the basis of a federal question under 28 U.S.C. Section 1331 and 1335 and removal by defendant Metropolitan Life Insurance Company ("MetLife") pursuant to 28 U.S.C. Section 1331, 1441 (a), 1441 (b) and 1441 (c).

Samsung Information Systems has not been served.

Rachel Bonner, a minor, has not been served.

MetLife, Keri Bonner and Damon Bonner have been served and have appeared.

Plaintiff has been served with MetLife's cross-complaint.

2. **Facts**

Leslie Bonner claims to be entitled to life insurance proceeds from the death of Fredrick Bonner as his surviving spouse, whom she was legally separated from at the time of his death.

Fredrick Bonner was the father of Keri Bonner, Damon Bonner, both adults and Rachel Bonner, a minor.

On August 13, 2006, Fredrick Bonner was served with a complaint for dissolution, and a summons containing certain automatic temporary restraining orders, including not changing the designation of any beneficiaries on insurance policies.

Keri and Damon Bonner claim that on November 27, 2006, Fredrick Bonner obtained a new insurance policy and designated Keri, Damon and Rachel as beneficiaries. Fredrick died May 29, 2007.

MetLife has received conflicting claims for the disputed life insurance benefits, and in light of the adverse claimants' inability to reach a resolution of their dispute, has filed its cross-complaint in interpleader to permit the Court to take control of the funds and resolve the dispute.

3. **Legal Issues**

The complaint seeks a declaration from the court regarding the plaintiff's entitlement to the life insurance proceeds.

The complaint also seeks to establish a constructive trust.

MetLife has filed a cross-complaint in interpleader, pursuant to 28 U.S.C Section 1335 and FRCP 22, seeking an order permitting it to deposit the disputed funds and for an order discharging MetLife, as well as the plan sponsor and the life insurance plan.

4. **Motions**

None.

5.  **Amendment of Pleadings**

    None anticipated at this time.

6.  **Evidence Preservation**

    Not an issue. All evidence is preserved.

7.  **Disclosures**

    There have been no disclosures made at this time.

8.  **Discovery**

    None to date.

    Document production and some interrogatories anticipated. Few if any depositions anticipated.

    MetLife contends that no discovery is appropriate as between it and other parties, because all parties rights and potential remedies are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and the issues will be decided on the basis of the administrative record. *See Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470 (9th Cir. 1993). MetLife will, however, provide a copy of the administrative record and plan documents as its initial disclosure.

9.  **Class Action**

    Not applicable.

10. **Related Cases**

    None.

11. **Relief**

    Leslie Bonner seeks a declaration by the court on entitlement to the proceeds. Establish a constructive trust.

    Defendants Keri and Damon Bonner seek distribution of the proceeds pursuant to the November 27, 2006, beneficiary designation.

    Metropolitan Life seeks the parties' stipulation for deposit of the funds with the Court, and for discharge with prejudice as to itself, the plan and the plan sponsor. Should the parties fail to so stipulate, MetLife will move for an order granting such relief.

12. **Settlement and ADR**

The parties intend to mediate the case with sixty (60) days.

13. **Consent to Magistrate Richard Seeborg**

MetLife does not consent to proceed before a magistrate judge, and has filed its notice of declination to so proceed.

The remaining parties consent to Magistrate Richard Seeborg for all purposes.

14. **Other References**

The parties do not believe reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation is appropriate.

15. **Narrowing of Issues**

Not necessary.

16. **Expedited Schedule**

Not requested at this time.

17. **Scheduling**

As set forth above, MetLife does not agree that discovery is appropriate as between itself and other parties.

The other parties suggest the following schedule:

Expert Designation: October 31, 2008

Discovery Cut off: December 31, 2008

Dispositive Motions: February 20, 2009

Pre-Trial Conference: March 6, 2009

Trial: March 23, 2009

18. **Trial**

MetLife contends that no jury trial is available in this matter, because ERISA is a purely equitable statute. See *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993). MetLife estimates that the matter would require no more than one-half day.

The remaining parties demand a jury trial at this time.

Estimate length 5 days.

---

JOINT CASE MANAGEMENT STATEMENT                                                  4

19. **Disclosure of Non-party Interest Entities or Persons**

None.

Respectfully submitted.

Dated: July 30, 2008

For Defendants Keri and Damon Bonner-_____/s/_____
              Sweeney, Mason, Wilson
              & Bosomworth
              Robert E. Dunne, Esq.

For Defendant Metropolitan Life-_____/s/_____
              Sedgwick, Detert, Moran
              & Arnold, LLP
              Rebecca Hull, Esq.